

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Burl Brittain
County Auditor
San Patricio County
Sinton, Texas

Dear Sir:

Opinion No. O-4186

Re: Can the commissioners'
court reimburse the road
and bridge fund from other
available county funds in
which there is a surplus?

Your letter of October 27, 1941, requesting an
opinion of this department on the above stated question,
reads, in part, as follows:

"Vernon's Texas Statutes 1936, Article
6674n, provides that a County Commissioners
Court may acquire land by purchase or con-
demnation for roads, right of way purposes,
etc., and provides that said land may be
paid for out of the County Road & Bridge
Fund or any County Available Funds.

"San Patricio County has in the last
five or six years bought quite a bit of
Right of Way, through the Commissioners
Court, and has paid for said Rights of Way
out of the County Road & Bridge Fund (Main-
tenance fund), part of which was done when
the Road & Bridge Fund was overdrawn.

"I will appreciate your opinion on this
following question:

"Can the Commissioners Court re-imburse
the Road & Bridge Fund from other Available
County Funds in which there is a surplus?"

Article 6674n, Vernon's Annotated Civil Statutes, reads, in part, as follows:

"Whenever, in the judgment of the State Highway Commission, the use of acquisition of any land for road, right of way purposes, timber, earth, stone, gravel or other material, necessary or convenient to any road to be constructed, reconstructed, maintained, widened, straightened or lengthened, or land not exceeding one hundred (100) feet in width for stream bed diversion in connection with the locating, relocating or construction of a designated State Highway by the State Highway Commission, the same may be acquired by purchase or condemnation by the County Commissioners Court. Provided that the County in which the State Highway is located may pay for same out of the County Road and Bridge Fund, or any available county funds.

"Any Commissioners Court is hereby authorized to secure by purchase or by condemnation on behalf of the State of Texas, any new or wider right of way or land not exceeding one hundred (100) feet in width for stream bed diversion in connection with the locating, relocating or construction of a designated State Highway, or land or lands for material or borrow pits, to be used in the construction, reconstruction, or maintenance of State Highways and to pay for the same out of the County Road and Bridge Fund, or out of any special road funds or any available county funds. * * *."

As we understand your request, the right of way, in question was acquired for the purposes mentioned in Article 6674n, supra, and by virtue of said Statute.

In reply to the above stated question, you are advised that it is our opinion that the commissioners' court may secure the right of way in the manner provided by Article 6674n, supra, and "pay for the same out of the County Road and Bridge Fund, or out of any special road funds or any available county funds," as stated in Article 6674n. However, this Statute does not authorize the commissioners' court to transfer money from one constitutional fund to another, or to expend for one purpose, tax money

860

raised ostensibly for another purpose.  The Constitution pre-
scribes the maximum rate of taxes for general purposes, for
roads and bridges, for juries, and for permanent improvements,
respectively.  The moneys arising from taxes levied and col-
lected for each of the enumerated purposes are constitutional
funds.  (Carroll vs. Williams, 202 S. W. 504; Tex. Jur. Vol.
11, Page 609).  We think the term "available county funds" as
used in the above mentioned Statute means such funds as have
not been raised, collected or appropriated for a specific pur-
pose.  The commissioners' court has no legal authority or right
to reimburse the Road and Bridge Fund from any other constitu-
tional fund in which there is a surplus or from any other fund
or funds which have been raised,  collected or appropriated for
a specific purpose.  If we have not made ourselves clear with
reference to any particular fund, please advise us as to what
particular fund or funds from which it is contemplated, the
Road and Bridge Fund will be reimbursed.

In connection with the foregoing we direct your atten-
tion to our Opinions No. 0-66, 0-413, 0-1397 and 0-3137, copies
of which are enclosed for your information.

Trusting that the foregoing fully answers your inquiry,
we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED NOV 13, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

AW:RS

ENCLOSURES



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN